IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLUE AIR TRAINING CORPORATION,

    Plaintiff,

v.                                         Civil No. 2:23-CV-0734-KG-JHR

COLLIN HADLEY, TONY JAYNE, DESERT
AVIATION, LLC, and WILLIAM CODY JONES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant William Cody Jones' Motion for Summary Judgment, (Doc. 56), filed August 22, 2024. Plaintiff Blue Air Training Corporation (Blue Air) filed its Response to Motion for Summary Judgment by Defendant William Cody Jones and Cross-Motion for Partial Summary Judgment as to Duty and Liability Against Defendants Collin Hadley and Tony Jayne, (Doc. 62), September 20, 2024. Defendant Jones filed his Reply, (Doc. 67), October 4, 2024. Having considered the briefing and relevant case law, the Court grants the Motion.

*I. Background*

This case stems from a ground collision between two aircraft at Deming Municipal Airport in Deming, New Mexico. (Doc. 37) at 1. The parties agree that one of the involved aircraft—a Valmet A-90 Raider (Valmet)—was owned and operated by Plaintiff Blue Air. *Id.* at 1–2. The other involved aircraft—an Aeronca 65CA Super Chief (Aeronca)—was owned by Defendant William Cody Jones and flown to the Deming Municipal Airport by Defendant Collin Hadley. *Id.* at 2. At the time of the ground collision, Defendant/Cross-Claimant Desert Aviation, LLC (Desert Aviation) was Deming Municipal Airport's Fixed Base Operator. *Id.*

Desert Aviation employed Defendant/Cross-Claimant Tony Jayne, who was assisting Defendant Hadley with the Aeronca. *Id.*

1. *Plaintiff's Complaint*

In its Complaint, Plaintiff alleges that on December 15, 2022, the Aeronca ran into the Valmet, causing significant damage. (Doc. 18) at 1–2, ¶ 3. Shortly before the collision, Defendant Hadley landed the Aeronca at the Deming Municipal Airport to refuel while on route to Lancaster, California. *Id.* at 4, ¶ 19. While there, Defendant Hadley temporarily parked the Aeronca just north of the Valmet. *Id*. at 4, ¶ 21. Because the Aeronca did not have an electric starter for the engine, it was necessary to start the engine by a method known as "hand propping." *Id*. at 4, ¶ 22. Two people are required to start an airplane engine by "hand propping." *Id*. at 4, ¶ 23. One person sits in the pilot's seat while the other spins the propeller by hand. *Id.* Because Defendant Hadley was flying alone, he needed assistance to start the Aeronca. *Id.* He then "solicited and received assistance from Defendant Jayne." *Id*. at 4, ¶ 24. Defendant Jayne, who is not a pilot, was at the controls when the two started the engine. *Id.* at 4, 5 ¶¶ 25, 29. Unfortunately, immediately after the engine started, Defendant Jayne lost control of the Aeronca. *Id.* at 5, ¶ 28. Shortly thereafter, the Aeronca hit Plaintiff's Valmet, causing significant damage. *Id.* at 5, ¶¶ 29–34. Plaintiff asserts that at the time of the collision, both Defendants Hadley and Jayne were operators of Aeronca. *Id.* at 1–2, ¶¶ 3, 5.

Based on these events, Plaintiff brings this lawsuit, asserting claims of negligence against Defendants Hadley, Jayne and Desert Aviation, negligent entrustment against Defendant Hadley, respondeat superior liability against Desert Aviation, and negligence and vicarious liability against Defendant Jones. *Id*. at 6–13.

Now, Defendant Jones moves for summary judgment as to Plaintiff's negligence and vicarious liability claims against him. (Doc. 56).

  2. *Defendant Jones' Motion for Summary Judgment*

Defendant Jones argues he is entitled to summary judgment on Plaintiff's claims for two reasons. First, Defendant Jones argues that Plaintiff's vicarious liability claim fails because "no agency employment, or representative relationship existed between [himself] and Mr. Hadley." *Id.* at 3. Second, Defendant Jones argues that "Plaintiff's claims against [him] are federally preempted pursuant to 49 U.S.C.A. § 44112." *Id.* In support of his position, Defendant Jones states the following facts, which Plaintiff does not dispute.

At the time of the aircraft collision on December 15, 2022, Defendant Jones was the registered owner of the Aeronca, "though the aircraft had been sold and was being transported to a buyer in Lancaster, California." *Id*. at 3, ¶ 1–2 (citing Docs. 56-1, 56-2, 56-3, 56-4). At the time of the incident, Defendant Hadley was not, and had never been, employed by Defendant Jones. *Id.* at 3, ¶ 3 (citing Docs. 56-4, 56-5, 56-6). Approximately four months earlier, on October 18, 2022, Defendant Hadley issued an invoice to Don Callaway, the buyer of the Aeronca, indicating Zane Co. Aero would deliver the aircraft to Lancaster, California. *Id.* at 4, ¶ 4 (citing Doc. 56-3). Mr. Jones was not referenced in the invoice. *Id.*

Defendant Jones "was not involved in arranging the delivery of the Aeronca, nor did he direct, control, advise, or instruct Mr. Hadley as to the method, route, or manner the transport of the Aeronca should occur." *Id.* at 4, ¶ 5 (citing Docs. 56-4, 56-8). Defendant Jones "did not accompany Mr. Hadley on the transport flights and was not present when the accident occurred." *Id.* at 4, ¶ 6 (citing Docs. 56-1, 56-4). Defendant Hadley "did not consult with Mr. Jones regarding the 'hand-propping' procedure immediately preceding or during the incident on

3

December 15, 2022, and did not obtain advisement, permission, instruction, or authorization as to his utilization of Mr. Jayne's assistance." *Id.* at 4, ¶ 7 (citing Docs. 56-4, 56-8).

## II. Legal Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986). This burden is met when the moving party identifies those portions of the record which demonstrate the absence of material fact. *Id.* at 323.

Although the moving party "bears the initial burden of demonstrating the absence of a genuine issue of material fact," once he has done so, "the burden shifts to the non-movant to establish a genuine issue of fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022) (citation omitted). In opposing summary judgment, the non-movant cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation omitted). "The summary judgment standard requires [the Court] to construe the facts in the light most favorable

to the nonmovant and to draw all reasonable inferences in its favor." *Beauford*, 35 F.4th at 1261 (citing *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021)).

*III. Discussion*

As an initial matter, the Court notes that Plaintiff does not dispute any of Defendant Jones' material facts. (Doc. 62). Instead, Plaintiff's Response incorporates a "Cross-Motion for Partial Summary Judgment as to Duty and Liability Against Defendants Collin Hadley and Tony Jayne." (Doc. 62). Plaintiff does not argue against granting Defendant Jones summary judgment. Instead, Plaintiff argues that if the Court finds Defendant Jones' evidence sufficient to show he did not have (1) operational control of the Aeronca or (2) a duty sounding in negligence, then the Court should conclude that Defendants Hadley and Jayne did have operational control over the Aeronca and owed the duties of ordinary care Plaintiff alleged in Counts I, II, and IV of its First Amended Complaint. *Id.* at 7. The Court will address Plaintiff's incorporated motion for partial summary judgment in a separate order.

For purposes of determining the instant Motion, the Court notes that by failing to respond to Defendant Jones' arguments, Plaintiff effectively consents to grant the motion. *See Lewis v. XL Catlin*, 542 F.Supp.3d 1159, 1168 n.6 (D.N.M. June 4, 2021) ("Implicit in [the Court's Local Rule 7.1(b)] is that the failure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument."); *see also, Cole v. New Mexico*, 58 F. Appx. 825, 829 (10th Cir. 2003) (stating that argument waived when not raised in initial response to motion to dismiss); *Hinsdale v. City of Liberal*, 19 F. Appx. 749, 768 (10th Cir. 2001) (stating that plaintiff abandoned claim when he failed to respond to arguments made in support of summary judgment). The Court will nonetheless consider whether the evidence Defendant Jones' submitted entitles him summary judgment.

As mentioned above, Defendant Jones argues he is entitled to summary judgment because: (1) "no agency employment, or representative relationship existed between [himself] and Mr. Hadley," and (2) "Plaintiff's claims against [him] are federally preempted pursuant to 49 U.S.C.A. § 44112." (Doc. 56) at 3. The Court considers Defendant Jones' preemption claim first.

Defendant Jones argues Plaintiff's claims against him are barred under Federal Aviation Act (FAA), 49 U.S.C. § 44112. *Id.* at 12–14. Under the section entitled "Limitation of Liability," the FAA shields owners from liability related to property loss or damage if they did not have actual possession or operational control of the plane:

> (b) Liability.--A lessor, owner, or secured party is liable for personal injury, death, or property loss or damage only when a civil aircraft, aircraft engine, or propeller is in the actual possession or operational control of the lessor, owner, or secured party, and the personal injury, death, or property loss or damage occurs because of--
> (1) the aircraft, engine, or propeller; or
> (2) the flight of, or an object falling from, the aircraft, engine, or propeller.

49 U.S.C. § 44112(b) (formerly 49 U.S.C. § 1404). Courts, including the Tenth Circuit, have concluded that 49 U.S.C. § 44112(b), along with its predecessor 49 U.S.C. § 1404, preempts or bars a plaintiff's state law claims against an aircraft owner for personal injury, death, or property damage when the aircraft was not in their actual possession or control at the time of the incident. *Centofanti v. Evans*, 2018 WL 11616197, at *2 (D. Colo.) (citing *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142, 1144–46 (7th Cir. 1994); *McCord v. Dixie Aviation Corp.*, 450 F.2d 1129, 1130 (10th Cir. 1971); *Rogers v. Ray Gardner Flying Serv., Inc.*, 435 F.2d 1389, 1394 (5th Cir. 1970); *Esheva v. Siberia Airlines*, 499 F. Supp. 2d 493, 499 n.4 (S.D.N.Y. 2007); *In re Lawrence W. Inlow Accident Litig.*, 2001 WL 331625, at *14 (S.D. Ind.); *Rosdail v. Western Aviation, Inc.*, 297 F. Supp. 681, 685 (D. Colo. 1969).

Here, Defendant Jones has put forth evidence showing he was the registered owner of the Aeronca at the time of the incident. (Docs. 56-1, 56-2). No evidence has been presented suggesting otherwise. Consequently, as the owner, Defendant Jones is shielded from liability in this case under § 44112(b) unless evidence shows he was in actual possession or operational control of Aeronca. There are no allegations that Defendant Jones had actual possession of the Aeronca. Therefore, the Court need only consider whether Defendant Jones had operational control. "Operational control, with respect to a flight, means the exercise of authority over initiating, conducting, or terminating a flight." 14 C.F.R. § 1.1. Although Defendant Hadley's affidavit states that Defendant Jones gave him "approval to fly the Aeronca to the buyer," this is insufficient to find Defendant Jones had operational control over the flight. *See Centofanti*, 2018 WL 11616197, at *3 (explaining that owners' permission to fly aircraft does not establish owners controlled aircraft in any manner). Again, Plaintiff provides no argument or evidence suggesting otherwise. *See generally* (Doc. 62). Thus, because Defendant Jones was not in actual possession or operational control of the Aeronca at the time of the incident, he cannot be liable for the resulting property damage. Additionally, because 49 U.S.C. § 44112 preempts Plaintiff's state law claims against Defendant Jones, the Court need not consider Defendant Jones' remaining arguments. The Court grants Defendant Jones' Motion.

*IV. Conclusion*

For the reasons discussed above, the Court grants Defendants' Motion, (Doc. 56), and dismisses Count VI of Plaintiff's Complaint.

    IT IS SO ORDERED.

                                  /s/ KENNETH J. GONZALES[1]
                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.