IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLUE AIR TRAINING CORPORATION,

    Plaintiff,

v.                                              Civil No. 2:23-CV-0734-KG-JHR

COLLIN HADLEY, TONY JAYNE, DESERT
AVIATION, LLC, and WILLIAM CODY JONES,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: (1) Plaintiff Blue Air Training Corporation's (Blue Air) Motion for Leave to File Supplemental Expert Witness Disclosure, (Doc. 113), (2) Desert Aviation, LLC's and Tony Jayne's (collectively, "Desert Aviation Defendants") Motion to Extend Expert Disclosure Deadline, (Doc. 114), and (3) Defendants Collin Hadley and William Cody Jones' Joint Motion to Strike Untimely and Deficient Expert Disclosures of Plaintiff and Co-Defendants Desert Aviation and Tony Jayne, (Doc. 112). These motions were filed February 21, 2025, and are fully briefed. *See* (Docs. 117–121, 123, 124, 128, 129). Having considered the briefing and relevant case law, the Court grants Plaintiff Blue Air's Motion, (Doc. 113), grants Desert Aviation Defendants' Motion, (Doc. 114), and denies Defendants Hadley and Jones' Motion, (Doc. 112).

*I. Background*

This case stems from a ground collision between two aircraft at Deming Municipal Airport in Deming, New Mexico. (Doc. 18). Based on the collision, Plaintiff brings claims of negligence and negligent entrustment against Defendant Hadley, negligence against Desert Aviation Defendants, and respondeat superior liability against Desert Aviation, LLC. *Id.* at 6–

13.[1]  Desert Aviation Defendants filed crossclaims against Defendants Hadley and Jones, asserting claims of negligence, negligence per se, contribution and indemnification.  (Docs. 27, 52).  Desert Aviation Defendants also claim Defendant Jones is vicariously liable for Defendant Hadley's acts and omissions.  (Doc. 27) at 21–22.

The relevant procedural background includes the following:  On October 31, 2024, Magistrate Judge Ritter entered a Stipulated Order on Motion to Extend the Case Management Deadlines, (Doc. 80).  This Order extended the parties' initial expert disclosure to January 6, 2025, and rebuttal expert disclosure to February 7, 2025.  *Id.*  On January 6, 2025—in accordance with the expert disclosure deadline—Defendants Hadley and Jones filed their initial expert disclosure.  (Doc. 98).  On February 7, 2025—the deadline for the parties' rebuttal expert disclosures—Desert Aviation Defendants filed and served their initial expert disclosures.  (Doc. 107).  The same day, Plaintiff submitted an unfiled Rule 26(a)(2)(A) disclosure to the parties.  (Doc. 114) at 3; (Doc. 121) at 3.  Desert Aviation Defendants' disclosure noted they had a pending motion to continue their expert designation deadline, and that they were filing their initial expert disclosure—late—in order to "minimize any alleged prejudice."  (Doc. 107) at 1 n.1.  They also noted they would not object to a rebuttal to their disclosure filed within a reasonable time.  *Id.*

On February 14, 2025, Magistrate Judge Ritter entered an Order extending the case management deadlines.  (Doc. 108).  This Order extended the expert discovery deadline to May 28, 2025.  *Id.*  But the parties could not come to an agreement on extending the expert disclosure deadlines and were ordered to brief the matter.  *Id*.

---

[1] Plaintiff also brought a claim of negligence and vicarious liability against Defendant Jones, but the Court dismissed these claims against Defendant Jones on March 31, 2025.  (Doc. 141).

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witness testimony. Rule 26(a)(2)(A) requires parties to disclose the identity of any expert witness it may use at trial. If the witness is retained or "specially employed" to give expert testimony, the disclosure must be accompanied by a thorough written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). In contrast, if the expert witness is not retained or "specially employed," the disclosure must contain "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705;" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i), (ii).

Although Rule 26(a)(2) concerns the sufficiency of expert disclosures, Rule 37(c)(1) provides the consequences of failing to comply with Rule 26(a)(2). A failure to comply with Rule 26(a)(2) precludes a party from using the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) ("Rule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation is justified or harmless."). Courts must therefore determine: first, whether the party has violated Rule 26(a), and if so, it must then consider whether the violation was "substantially justified or…harmless" under Rule 37(c)(1).

District courts have broad discretion to determine whether a Rule 26(a)(2) violation is substantially justified or harmless. *Jacobsen*, 287 F.3d 936, at 953. "The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently

3

for deposition, any pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted).

Nevertheless, the following four factors guide district courts' discretion: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen*, 287 F.3d 936, at 953. In considering these factors, the Court notes the Tenth Circuit has stated that "[t]he decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

*III. Discussion*

All three motions currently before the Court in this matter relate to the timeliness of the parties' expert disclosures. None of the parties dispute that Plaintiff and Desert Aviation Defendants violated Rule 26(a) by not serving their initial expert disclosures by the January 6, 2025, deadline. The Court therefore need only consider whether such violations were either substantially justified or harmless.

In its Motion, Plaintiff Blue Air seeks leave to supplement its Rule 26(a)(2)(A) and (C) disclosures on or before March 12, 2025, in order to cure alleged deficiencies in its prior disclosure and to identify another Blue Air employee that will testify as an expert. (Doc. 113) at 3, 9–10, 13. In their Motion, Desert Aviation Defendants request the Court extend the expert disclosure deadline to February 28, 2025. (Doc. 114) at 1. Finally, in Defendants Hadley and Jones' Motion, they request the Court strike Desert Aviation Defendants' Expert Disclosure and

4

preclude Plaintiff from offering any expert testimony related to any claims against them. (Doc. 112) at 1.  The Court will address each Motion in turn.

    A.  *Plaintiff Blue Air's Motion*

Plaintiff requests leave to supplement its Rule 26(a)(2)(C) disclosures to cure "alleged deficiencies in its prior disclosure and to identify another…employee that will testify regarding the standard of care." (Doc. 113) at 10.  Plaintiff contends that granting its Motion will not prejudice Defendants.  *Id.* at 11–13.  In Response, Defendants Hadley and Jones argue Plaintiff's Rule 26(a)(2) violation is neither substantially justified nor harmless.  (Docs. 117, 121).  Although the Court agrees that Plaintiff's failure to comply with the expert disclosure deadline is not substantially justified, the Court nonetheless finds Plaintiff's Rule 26(a) violation harmless.

Plaintiff argues that allowing it to supplement its Rule 26(a)(2)(C) disclosures will not harm Defendants because: (1) the disclosures are expected to provide the same information as the Initial Disclosures and written answers to interrogatories; (2) Defendants have not yet taken any depositions; (3) discovery has not yet closed; and (4) the trial will not be disrupted.  (Doc. 113)at 12, 13.[2]

In Response, Defendants Hadley and Jones' argue Plaintiff will gain an unfair advantage because its experts will be able to directly opine on their expert's testimony—an opportunity not afforded to them.  (Doc. 117) at 4; (Doc. 121) at 4.  Additionally, in an argument that is not altogether clear, Defendant Hadley appears to assert that allowing Plaintiff to supplement its expert disclosures will "flip[] the burden of proof obligations." (Doc. 117) at 4.  Defendant

---

[2] The Court notes that Desert Aviation Defendants did not respond to Plaintiff's Motion, it therefore consents to granting Plaintiff's Motion. *See Lewis v. XL Catlin*, 542 F.Supp.3d 1159, 1168 n.6 (D.N.M. June 4, 2021) ("Implicit in [the Court's Local Rule 7.1(b)] is that the failure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument."); *see also, Cole v. New Mexico*, 58 Fed. Appx. 825, 829 (10th Cir. 2003) (stating that argument waived when not raised in initial response to motion to dismiss)

5

Hadley fails to provide legal support for such an assertion. Regardless, Defendants Hadley and Jones do not contend that they will be unable to depose or otherwise rebut Plaintiff's experts if Plaintiff is allowed to supplement its expert disclosures.

In this case, the Court finds that the four factors the Tenth Circuit noted in *Jacobsen* counsel in favor of granting Plaintiff's Motion—especially considering that a "decision to exclude evidence is a drastic sanction." *Summers*, 132 F.3d at 604. First, the Court is unconvinced that allowing Plaintiff more time to supplement its expert disclosures will prejudice or surprise Defendants Hadley and Jones. As noted above, the "purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial." *Cook.*, 580 F. Supp. 2d at 1122 (D. Colo. 2006). Defendants Hadley and Jones do not contend that allowing Plaintiff to file supplemental expert disclosures after the deadline will prevent them from preparing for depositions, pretrial motions, and trial.

Second, even if the Court were to find that Defendants Hadley and Jones would suffer any prejudice or surprise from Plaintiff's late-filed expert disclosure, this prejudice can be easily cured by deposing Plaintiff's expert—the expert discovery deadline closes on May 28, 2025. (Doc. 108). The third factor similarly weighs in favor of finding Plaintiff's Rule 26(a) violation harmless. A trial date has yet to be set, so allowing Plaintiff to supplement its expert disclosures will not be disruptive. Finally, the fourth factor weighs in Plaintiff's favor: the Court does not find Plaintiff acted with bad faith or willfulness. Thus, the Court grants Plaintiff's Motion and will allow it to serve its supplemental Rule 26(a)(2) disclosures on or before March 12, 2025.

6

B. *Desert Aviation Defendants' Motion*

Desert Aviation Defendants request: (1) leave to disclose their experts after the Court's initial expert disclosure deadline of January 6, 2025, and (2) an extension of the expert disclosure deadline until February 28, 2025. (Doc. 114) at 1. Although Defendants Hadley and Jones do not oppose Desert Aviation Defendants' Motion as it relates to Plaintiff's claims, they do oppose it as it relates to Desert Aviation Defendants crossclaims brought against them. As with their Responses to Plaintiff's Motion, Defendants Hadley and Jones argue Desert Aviation Defendants' Rule 26(a) violation is neither substantially justified nor harmless. (Docs. 118, 120). Defendant Jones asserts that granting Desert Aviation Defendants' Motion would reverse the burden of proof, effectively placing Defendants Hadley and Jones in the position of proving their non-liability. (Doc. 120) at 4. But Defendant Jones provides no legal support for such an assertion. The Court finds granting Desert Aviation Defendants' Motion harmless.

As an initial matter, the Court need only consider Desert Aviation Defendants' Motion as it relates to Defendants Hadley and Jones because, by not filing a response, Plaintiff consents to the Motion. *See Lewis*, 542 F.Supp.3d at 1168 n.6 (D.N.M. June 4, 2021) ("Implicit in [the Court's Local Rule 7.1(b)] is that the failure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument."); *see also, Cole*, 58 F. Appx. at 829 (10th Cir. 2003) (stating that argument waived when not raised in initial response to motion to dismiss). Even if the Court assumes without deciding that Desert Aviation Defendants were not substantially justified in requesting an extension to file expert disclosures, the Court finds granting an extension will not harm Defendants Hadley and Jones.

As with Plaintiff's Motion, the Court finds the four factors noted in *Jacobsen* favor granting Desert Aviation Defendants' Motion. First, the Court is unconvinced that providing

7

Desert Aviation Defendants an extension to file their expert disclosures will prejudice or surprise Defendants Hadley and Jones. Second, even if granting Desert Aviation Defendants' Motion would prejudice Defendants Hadley and Jones, such prejudice would be nominal and can easily be cured. Again, because the expert discovery deadline is still a month away, they have plenty of time to prepare to depose Desert Aviation Defendants' expert. *See* (Doc. 108), (stating expert discovery closes May 28, 2025). The third factor also weighs in Desert Aviation Defendants' favor. A trial date has not been set, so allowing Desert Aviation Defendants more time to file their expert disclosures will not be disruptive. Finally, the fourth factor weighs in Desert Aviation Defendants' favor. Based on the record the Court finds no bad faith or willfulness. Thus, the Court grants Desert Aviation Defendants' Motion and will allow them to file supplemental Rule 26(a)(2) disclosures on or before February 28, 2025.

C. *Defendants Hadley and Jones' Motion*

Defendants Hadley and Jones move to strike Plaintiff's and Desert Aviation Defendants' expert disclosure for the following three reasons: First, Plaintiff's and Desert Aviation Defendants' failure to timely file expert disclosures is neither substantially justified nor harmless, (Doc. 112) at 2–3; second, Plaintiff's Rule 26(a)(2) expert disclosures are deficient and should therefore be excluded, i*d.* at 3–4; and third, Plaintiff's and Desert Aviation Defendants' late-filed disclosures were "each filed without leave from the Court, and therefore must be stricken." *Id.* at 4.

The Court finds Defendant Hadley and Jones' arguments unavailing. First, their argument that Plaintiff's and Desert Aviation Defendants' late-filed expert disclosures are not substantially justified nor harmless, largely mirrors the arguments they put forth in their Responses to Plaintiff's and Desert Aviation Defendants' respective Motions. Because the Court has addressed these arguments above, it need not address them again. Next, Defendants Hadley

8

and Jones' second argument is moot because the Court is allowing Plaintiff to supplement its expert disclosures in order to cure the alleged deficiencies. Finally, the Court finds Defendants Hadley and Jones' third argument unpursuasive. By granting Plaintiff's and Desert Aviation Defendants' respective Motions, the Court grants them leave to file disclosures after the January 6, 2025, deadline. Thus, the Court denies Defendants Hadley and Jones' Motion.

A final note: although the Court is exercising discretion in allowing Plaintiff and Desert Aviation Defendants to serve their expert disclosures after the deadline, it strongly encourages the parties to adhere to the deadlines. Deadlines must be respected, and the Court will not necessarily be as accommodating in the future.

*IV. Conclusion*

For the reasons discussed above, the Court grants Plaintiff Blue Air's Motion, (Doc. 113), and Desert Aviation Defendants' Motion, (Doc. 114), and denies Defendants Hadley and Jones' Motion, (Doc. 112). The Court will therefore: (1) allow Plaintiff to serve its supplemental disclosure on or before March 12, 2025, in order to cure alleged deficiencies in its prior disclosure and to identify another Blue Air employee that will testify as an expert, and (2) give Desert Aviation Defendants until February 28, 2025, to disclose their experts.

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[3]
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.