IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLUE AIR TRAINING CORPORATION,

 Plaintiff,

v.             Civil No. 2:23-CV-0734-KG-JHR

COLLIN HADLEY, TONY JAYNE, DESERT
AVIATION, LLC, and WILLIAM CODY JONES,

 Defendants.

<u>ORDER</u>

This matter is before the Court *sua sponte* on Defendants Desert Aviation LLC and Tony Jayne's (Desert Aviation Parties) Supplemental Response in Opposition to Defendant William Cody Jones's Motion for Summary Judgment [Doc 71], (Doc. 159), Desert Aviation Parties' Supplemental Response in Opposition to Defendant Collin Hadley's Motion for Partial Summary Judgment on Defendants/Cross-Plaintiffs Tony Jayne and Deseret Aviation, LLC's Cross-Claims for Contribution and Indemnification, (Doc. 160), and Desert Aviation Parties' Supplemental Response in Opposition to Defendant Collin Hadley's Motion for Partial Summary Judgment on Defendants/Cross-Plaintiffs Tony Jayne and Deseret Aviation, LLC's Cross-Claims for Contribution and Indemnification, (Doc. 161) . The first two supplemental responses, (Docs. 159, 160), were filed on June 30, 2025, and the most recent supplemental response, (Doc. 161), was filed July 1, 2025.  Because Desert Aviation Parties failed to comply with the District of New Mexico's local rules, the Court strikes the supplemental responses without prejudice.

On May 8, 2025, Desert Aviation Parties filed an Unopposed Motion for Leave to File Supplemental Summary Judgment Response and Evidence.  (Doc. 151).  On May 15, 2025, the

Court granted Desert Aviation Parties' Motion. (Doc. 155). The Court's order gave Desert Aviation Parties until June 30, 2025, to file their supplemental responses and evidence, and allowed Plaintiff Blue Air Training Corporation (Blue Air) and Defendants Collin Hadley and William Cody Jones to file supplemental replies and evidence by July 21, 2025.

Desert Aviation Parties complied with the deadline for their first two Supplemental Responses, (Doc. 159, 160) but failed to comply with the District of New Mexico's local rules. Desert Aviation Parties attached 147 pages, 151 pages, and 151 pages of exhibits to Docs. 159, 160, and 161, respectively, in violation of Rule 10.5. Rule 10.5 provides:

> All exhibits to a motion, response or reply, including excerpts from a deposition, must not exceed a total of fifty (50) pages, unless all parties agree otherwise. If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7…

D.N.M.LR-Civ. 10.5. Desert Aviation Parties has neither indicated that all parties agreed to this page limit extension, nor have they filed a motion seeking as much.

Additionally, Desert Aviation Parties failed to comply with Local Rule 10.6. Rule 10.6 provides that "[t]he portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining, in the original, the copy for the Court and the copy for each party…" D.N.M.LR-Civ. 10.6. Desert Aviation Parties failed to mark all of their exhibits.

Finally, Desert Aviation Parties' most recent Supplemental Response, (Doc. 161), is deficient in at least two aspects. First, they filed their Supplemental Response after the June 30, 2025, deadline, without requesting leave to file after the deadline. Second, this Supplemental Response, (Doc. 161), duplicates much of their previous Supplemental Response, (Doc. 160), with some notable corrections. Desert Aviation Parties, however, did not file a notice of errata

nor did they file a notice of withdrawal.[1]  The Court is therefore left wondering which document to consider.

The local rules are readily available on the United States District Court for the District of New Mexico's website.  The Court strongly encourages Desert Aviation Parties—and all parties—to become familiar with and adhere to these rules.  Because they failed to comply with local rules, the Court strikes Desert Aviation Parties' Supplemental Responses, (Docs. 159, 160, 161), without prejudice to refile.  Desert Aviation Parties have seven (7) days from the date of this order to refile in compliance with the local rules.  The Court sees no reason to extend the deadline for Plaintiff Blue Air and Defendants Hadley and Jones to file supplemental replies and evidence.  July 21, 2025, will remain the operative date for those parties to file their supplemental documents.  *See* (Doc. 155).

IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court directs Desert Aviation Parties to Rule 7.7, which governs the process of withdrawing a document, if necessary, from consideration by the Court.

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.