IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLUE AIR TRAINING CORPORATION,

    Plaintiff,

v.                                                                     No. 2:23-cv-0734-KG-JHR

COLLIN HADLEY, TONY JAYNE, DESERT
AVIATION, LLC, and WILLIAM CODY JONES,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Blue Air Training Corporation's Response to Motion for Summary Judgment by Defendant William Cody Jones and Cross-Motion for Partial Summary Judgment as to Duty and Liability Against Defendants Collin Hadley and Tony Jayne, (Doc. 62), filed September 20, 2024.[1] Defendant Collin Hadley filed his Response, (Doc. 68), October 4, 2024. Defendants/Cross-Claimants Desert Aviation, LLC and Tony Jayne (collectively, Desert Aviation Defendants) filed their Response, (Doc. 84), November 1, 2024. Plaintiff did not file a reply. Having considered the briefing and relevant case law, the Court denies the Motion.

I.    *Background*

    This case stems from a ground collision between two aircraft at Deming Municipal Airport in Deming, New Mexico. (Doc. 37) at 1. The parties agree that one of the involved aircraft—a Valmet A-90 Raider (Valmet)—was owned and operated by Plaintiff Blue Air. *Id.* at 1–2. The other involved aircraft—an Aeronca 65CA Super Chief (Aeronca)—was owned by Defendant

---

[1] Plaintiff incorporated its Response to Defendant Jones' Motion for Summary Judgment, (Doc. 56), in its cross-motion against Defendants Hadley and Jayne. (Doc. 62). The Court previously entered an Order addressing Defendant Jones' Motion and Plaintiff's Response. (Doc. 141). The Court therefore treats Plaintiff's Motion as a separate motion for summary judgment. *See Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019) ("Cross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard, with each motion viewed in the light most favorable to its nonmoving party.").

William Cody Jones and flown to the Deming Municipal Airport by Defendant Collin Hadley. *Id.* at 2. At the time of the ground collision, Defendant Desert Aviation, LLC was Deming Municipal Airport's Fixed Base Operator. *Id.* Desert Aviation employed Defendant Tony Jayne, who was assisting Defendant Hadley with the Aeronca. *Id.*

II.     *Procedural History*

In this case, the Parties have requested numerous discovery extensions, which the Court details below. On January 3, 2024, the Court entered a scheduling order providing that fact discovery would terminate on June 15, 2024, and expert discovery would terminate on October 15, 2024. (Doc. 39). On May 28, 2024, the Court granted the Parties' Joint Motion to Extend Case Management Deadlines, (Doc. 51). (Doc. 53). That Order extended fact discovery until October 18, 2024, and expert discovery until January 17, 2025. On September 20, 2024—before discovery concluded—Plaintiff filed its Motion.

Shortly after Plaintiff filed its Motion, the Parties again asked the Court to extend the case management deadlines. The Court granted Parties request on October 31, 2024, (Doc. 80). That Order terminated fact discovery on March 28, 2025, and expert discovery on April 18, 2025. *Id.* A few months later, in February 2025, the Court entered a Partially Stipulated Order Extending Case Management Deadlines. (Doc. 108). That Order gave the Parties until April 28, 2025, for fact discovery and May 28, 2025, for expert discovery. *Id.*

With the parties still working through discovery disputes, the Court again extended the case management deadlines. This time, the Court extended fact discovery until June 27, 2025, and expert discovery until August 8, 2025. This is where the case management deadlines currently stand. (Doc. 158). Despite the ongoing discovery disputes and extensions, Plaintiff moves for partial summary judgment, requesting that the Court determine that Defendants' Hadley and Jayne

owed Plaintiff a legal duty, sounding in ordinary negligence, and that they both had operational control of the Aeronca at the time of the accident. (Doc. 62) at 6–7.

III.     Legal Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986). This burden is met when the moving party identifies those portions of the record which demonstrate the absence of material fact. *Id.* at 323.

Although the moving party "bears the initial burden of demonstrating the absence of a genuine issue of material fact," once he has done so, "the burden shifts to the non-movant to establish a genuine issue of fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022) (citation omitted). In opposing summary judgment, the non-movant cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation omitted). "The summary judgment standard requires [the Court] to construe the facts in the light most favorable to the nonmovant and

to draw all reasonable inferences in its favor." *Beauford*, 35 F.4th at 1261 (citing *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021)).

IV.     *Discussion*

For the reasons below, the Court concludes Plaintiff's Motion is premature.  Under Rule 56, a party is not precluded from requesting summary judgment before the close of discovery.  Fed. R. Civ. P. 56(b).  Such a request, however, should be granted only if the nonmoving party has had the opportunity to discover information that is essential to his opposition.  *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citing *Anderson*, 477 U.S. at 250 n.5).

Rule 56(d) allows nonmoving parties to request a court to defer or deny a summary judgment motion pending additional discovery.  Fed. R. Civ. P. 56(d).  This rule requires the nonmoving party to demonstrate, by affidavit or declaration, that it cannot present facts essential to justify its opposition.  *Id.*  Courts should treat a Rule 56(d) request liberally unless it is "dilatory or lacking in merit." *Comm. for First Amend.*, 962 F.2d at 1522 (citation omitted).  That said, the request "must explain why facts precluding summary judgment cannot be presented." *Id.*  Rule 56(d) protections are "designed to safeguard against premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).  In this case, the nonmovants, Defendants Hadley and Jayne, claim they have not had a full opportunity for discovery.  (Docs. 68, 84).

The Court agrees.  Although Defendant Jayne did not submit the required Rule 56(d) affidavit or declaration, Defendant Hadley's counsel did.  The affidavit states that—at the time of Plaintiff's Motion—no depositions have taken place, and the parties have requested the Court to extend the expert disclosure deadlines several times. (Doc. 68-2) at 1.  The affidavit further states that (1) the "depositions of Collin Hadley and Tony Jayne are necessary to obtain facts regarding the control of the [Aeronca]," and (2) expert disclosures are necessary to "opine on the issue of

4

operational control and to establish the applicable standard of care, as FAA regulations are not within the general purview of a common juror's knowledge." *Id.* at 2.

The Court is convinced. As detailed above, the discovery deadlines have been extended numerous times since Plaintiff filed its Motion. Indeed, fact discovery terminated nine months after Plaintiff's Motion and expert discovery terminated shortly thereafter. (Doc. 158). More importantly, however, this Court finds that the facts and testimony Defendant Hadley seeks to discover are essential for a fair determination on the issues related to summary judgment. Facts surrounding the circumstances of the accident, along with expert testimony, are essential to answering the question of operational control in this case.

The Court also addresses the fact that Plaintiff's Motion seeks summary judgment, in part, on the legal question of whether Defendants Hadley and Jayne owed Plaintiff a duty sounding in ordinary negligence. *See* (Doc. 62) at 7. Considering the premature nature of Plaintiff's Motion, the Court, in its discretion, declines to address the argument at this stage of the litigation. *See e.g., Ledford v. Kinseth Hosp. Cos.*, 2017 WL 2556020, at *10 (D. Kan.) (granting Defendant's Rule 56(d) request and declining to address summary judgment arguments related to whether Defendant owed legal duty to Plaintiff).

V.     Conclusion

For the reasons discussed above, the Court denies, without prejudice to later refiling upon the completion of full discovery, Plaintiff's Motion, (Doc. 62).

IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[2]
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.