IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BLUE AIR TRAINING CORPORATION,

    Plaintiff,

v.                                                                                                                                                                             No. CIV 23-0734 KG/JHR

COLLIN HADLEY, TONY JAYNE, DESERT
AVIATION, LLC, and WILLIAM CODY JONES,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Defendant Collin Hadley's Motion for Partial Summary Judgment on Defendants/Cross-Plaintiffs Tony Jayne and Desert Aviation, LLC's Cross-Claims for Contribution and Indemnification, (Doc. 63), and Memorandum in Support, (Doc. 64), both filed September 25, 2024.  Defendants and Cross-Claimants Desert Aviation, LLC and Tony Jayne filed their Response, (Doc. 85), on November 1, 2024, and Defendant Hadley filed his Reply, (Doc. 88), on November 14, 2024.  On May 15, 2025, the Court granted the Desert Aviation Parties' Unopposed Motion for Leave to File a Supplemental Summary Judgment Response and Evidence.  (Doc. 155).  The Desert Aviation Parties filed their Supplemental Response, (Doc. 166), on July 9, 2025.  Defendant Hadley filed his Supplemental Reply, (Doc. 168), July 21, 2025.  Having considered the briefing and relevant case law, the Court grants the Motion.

I.  Background

      This case arises from a ground collision between two aircraft that occurred on December 15, 2022, at the Deming Municipal Airport.  (Doc. 37) at 1.  One of the aircraft involved in the collision was an Aeronca 65CA Super Chief flown by Collin Hadley to the

Deming Municipal Airport. (Doc. 37) at 2. The other aircraft was a Valmet A-90 Raider, purportedly owned by Plaintiff Blue Air. (Doc. 27) at 19, ¶ 20; (Doc. 64) at 2.

A. *Undisputed material facts*[1]

As an initial matter, the Court notes the Desert Aviation Parties dispute nearly all of Defendant Hadley's proffered undisputed material facts. *See* (Doc. 85) (disputing Defendant Hadley's proffered undisputed material facts 2–8). The parties, however, rely on the same exhibit: Defendant Jayne's responses to Defendant Hadley's interrogatories and admissions. *See* (Docs. 64, 85) (citing Tony Jayne's Objections and Responses to Collin Hadley's First Interrogatories, Requests for Production, and Requests for Admission). The Court will therefore reference that exhibit in detailing the undisputed material facts, taking them in the light most favorable to Defendant Jayne.

On December 15, 2022, Defendant Hadley was at the Deming Municipal Airport and sought assistance from Defendant Jayne to help him start up the Aeronca. (Doc. 85-1) at 16. At that time, Desert Aviation, LLC was the fixed base operator of the Deming Municipal Airport, and Defendant Jayne was one of its employees. (Doc. 37) at 2. Defendant Jayne agreed to help, informing Defendant Hadley that he had experience assisting in hand propping aircraft. (Doc. 64) at 14, 16. But Defendant Jayne never informed Defendant Hadley that he had experience assisting in hand propping an aircraft from inside the cockpit. *Id.* at 16–17. In fact, he did not. *Id.* at 17. Nonetheless, Defendant Jayne sat in the cockpit at Defendant Hadley's

---

[1] Unless otherwise indicated, the facts in this section are either undisputed or stated in the light most favorable to the nonmovant. *Estate of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1261 (10th Cir. 2022). To the extent facts have been omitted, the Court deems them immaterial to the Motion.

request, *id.*, despite observing that the Aeronca was "secured via chock, tie down, or otherwise." *Compare* (Doc. 18) at 4, ¶ 27 *with* (Doc. 27) at 4, ¶ 27.

When the Aeronca's engine started, "it immediately went to full throttle," even though Defendant Jayne "did not touch or in any way adjust the throttle." (Doc. 64) at 14. After the Aeronca started and began the runaway event, Defendant Jayne "pulled the throttle all the way out to attempt to slow the aircraft but this had no effect on the engine speed or velocity." *Id*. Defendant Jayne "also applied the aircraft brakes but this did not slow the aircraft." *Id*. Defendant Jayne then used the aircraft foot pedals in an to attempt to steer the aircraft away from hazards." *Id*. Ultimately, the Aeronca collided with the Valmet. (Doc. 37) at 1–2. After the Aeronca came to a stop, Defendant Jayne asked Defendant Hadley if "anything like this happened to [him] before[.]" (Doc. 64) at 14. Defendant Hadley answered that it had. *Id*. He then described one instance when he experienced a similar event in the Aeronca. *Id.* at 15.

## II. Legal Standard

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Beauford*, 35 F.4th at 1261 (10th Cir. 2022) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to

support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986). This burden is met when the moving party identifies those portions of the record which demonstrate the absence of material fact. *Id.* at 323.

Although the moving party "bears the initial burden of demonstrating the absence of a genuine issue of material fact," once he has done so, "the burden shifts to the non-movant to establish a genuine issue of fact." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022) (citation omitted). In opposing summary judgment, the non-movant cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation omitted). "The summary judgment standard requires [the Court] to construe the facts in the light most favorable to the nonmovant and to draw all reasonable inferences in its favor." *Beauford*, 35 F.4th at 1261 (citing *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021)).

Because the Court's jurisdiction over this case is based on diversity of citizenship, the Court applies New Mexico substantive law to Desert Aviation Parties' indemnity and contribution claims. *Butt v. Bank of America, N.A.*, 477 F.3d 1171, 1179 (10th Cir.2007) ("When exercising diversity jurisdiction, [courts] apply state law with the objective of obtaining the result that would be reached in state court.").

*III. Discussion*

For the reasons below, the Court concludes that Defendant Hadley is entitled to summary judgment and the Desert Aviation Parties are not entitled to maintain their (1) indemnity and (2) contribution claims.[2]

---

[2] The Court notes that the Desert Aviation Parties brought claims against Defendant Hadley and Defendant Jones, the owner of the Aeronca. But the Court has since granted summary judgment to Defendant Jones. *See* (Docs. 141, 180). Therefore, the Court only addresses the Desert

4

*A. Summary Judgment is Warranted on the Desert Aviation Parties Indemnification Claim*

The Desert Aviation Defendants raise two different arguments to establish they are entitled to indemnification. First, they argue that Defendant Hadley violated his nondelegable duty as a pilot in command. (Doc 85) at 4–6. Second, they argue that Defendant Hadley's alleged negligence per se allows them to avoid liability in this case. *Id*. at 6–7. Defendant Hadley, on the other hand, contends that the Court should grant summary judgment on Desert Aviation Defendants' indemnity claims, arguing that traditional, proportional and contractual indemnity do not apply. (Doc. 64). The Court agrees.

First, the Court rejects Desert Aviation Parties' argument that Defendant Hadley's alleged nondelegable duty entitles them to indemnity. In New Mexico, it is well settled that indemnification applies in two narrow circumstances: "when the indemnitee (i) was not liable except vicariously for the tort of the indemnitor, or (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable." *Safeway, Inc. v. Rooter 2000 Plumbing and Drain SSS*, 2016-NMSC-009, ¶¶ 28–33 (explicitly adopting § 22, Restatement (Third) of Torts in place of § 886B, Restatement (Second) of Torts).

In this case, the Court concludes Defendant Hadley is entitled to summary judgment on the Desert Aviation Parties' traditional indemnification claim. The Desert Aviation Parties make no allegation in their complaint or argument in their briefing that their potential liability vicariously flows from Defendant Hadley's alleged wrongdoing. Instead, they argue that Defendant Hadley is solely responsible for the accident—as the pilot in command—because his responsibility was nondelegable, and his actions constituted negligence per se. (Doc. 85) at 6–7.

Aviation Parties' counterclaims as they relate to Defendant Hadley.

In support, they cite a single unpublished district court case. *Id.* at 6 (citing *Farrar v. Dillard's Properties, Inc.*, 2021 WL 4841012, at 14–15 (D.N.M.)). The Court rejects their argument below.

The Desert Aviation Parties first argue that they are entitled to indemnification under the theory that Defendant Hadley had a nondelegable duty not to operate the Aeronca carelessly or recklessly. (Doc. 85) at 4–6.

This argument is unavailing. The Desert Aviation Parties rely on *Farrar v. Dillard's Properties, Inc.*, 2021 WL 4841012, at 14–15 (D.N.M.). (Doc. 85) at 6. In *Farrar*, the court held that when a landowner's vicarious liability is predicated on a nondelegable duty, and that the landowner's independent contractor is alleged to have violated that duty, the landowner may bring an indemnification claim against their independent contractor. 2020 WL 4841012, at *11–15. *Farrar* is inapposite.

Unlike in that case, neither Plaintiff nor the Desert Aviation Parties as cross-claimants allege that Defendant Hadley is vicariously liable for the accident. *See generally* (Docs. 18, 27, 85, 166). The Desert Aviation Parties therefore cannot maintain their traditional indemnity claim based on a nondelegable duty argument. *Safeway, Inc.*, 2016-NMSC-009, ¶¶ 28–33

The Court next turns to the Desert Aviation Parties' negligence per se argument. The Desert Aviation Parties argue that Defendant Hadley's alleged violation of the regulations governing his duties as a pilot preclude finding them negligent. (Doc. 85) at 6–7. For this argument, Desert Aviation Parties rely on the Tenth Circuit's opinion in *Allied Mut. Cas. Corp. v. General Motors Corp.*, 279 F.2d 455, 458–59 (10th Cir. 1960)). (Doc. 85) at 6–7. The Court is unpersuaded.

In *Allied Mutual*, the Tenth Circuit considered indemnity within the context of a driver who killed a pedestrian and damaged buildings when her car failed due to defective brake system. *Allied Mut. Cas. Corp.*, 279 F.2d 455. In that case, the Tenth Circuit applied Missouri law—not New Mexico law. *Allied Mut. Cas. Corp.*, 279 F.2d at 458–59. The Desert Aviation Parties provide no argument, analysis, or explanation indicating why this Court should apply Missouri law to this case. Moreover, the Desert Aviation Parties fail to cite any New Mexico case law establishing that Defendant Hadley's alleged negligence per se allows them to avoid liability in this case. Consequently, the Court finds the Desert Aviation Parties' negligence per se argument unpersuasive. Thus, the Desert Aviation Parties cannot maintain their traditional indemnity claim based on a negligence per se argument.

Second, Defendant Hadley argues proportional indemnification does not apply in this case. (Doc. 64) at 4–5. The Court agrees.

Proportional indemnification applies only when the party seeking indemnification "has been adjudged liable for full damages on a third-party claim that is not susceptible under law to proration of fault among joint tortfeasors." *Safeway*, 2016-NMSC-009, ¶ 25 (citation omitted). Consequently, it does not apply in actions for negligence governed by comparative fault, which apportions fault among tortfeasors. *Id.* Comparative fault applies in all negligence cases where concurrent tortfeasors are alleged to have negligence caused "a single, indivisible injury." *Flowers v. Lea Power Partners, LLC*, 2012 WL 2922689, at *4 (D.N.M.) (quoting *Gulf Ins. Co. v. Cottone*, 2006-NMCA-150, ¶ 20).

Comparative fault applies in this case. Plaintiff suffered a single, indivisible injury based on Defendants Hadley and Jayne's actions. Defendants Hadley and Jayne were attempting to hand prop the Aeronca. (Doc. 64) at 14, 16. When the Aeronca started, it began experiencing a

7

"runaway" event with Defendant Jayne in the cockpit. (Doc. 64) at 14. The Aeronca collided with Plaintiff's Valmet aircraft, causing a single, indivisible injury. (Doc. 64) at 14; (Doc. 37) at 1–2. Because comparative fault applies, the Desert Aviation Parties are not entitled to proportional indemnification.

Finally, the Court grants Defendant Hadley summary judgment on the Desert Aviation Parties' contractual indemnification claim. As Defendant Haley points out, no contract existed between Desert Aviation Parties and Defendant Hadley or Defendant Jones. (Doc. 64) at 3, 5. The Desert Aviation Parties do not dispute or otherwise argue to the contrary. *See* (Docs. 85, 166). Consequently, Defendant Hadley is entitled to summary judgment on this claim.

B. *Summary Judgment is Warranted on the Contribution Claim*

The Court also concludes that summary judgment in favor of Defendant Hadley is warranted on the Desert Aviation Parties' contribution claim.

In New Mexico, contribution is available when the parties are jointly and severally liable. *Payne*, 2006-NMSC-029, ¶ 11. "[W]hen concurrent tortfeasors negligently cause a single, *indivisible* injury, the general rule is that each tortfeasor is severally responsible for its own percentage of comparative fault for that injury. *Payne v. Hall*, 2006-NMSC-029, ¶ 11 (citing NMSA 1978, § 41-3A-1(A) (1987)). "Under several liability, fault is compared among concurrent tortfeasors, limiting the liability of each to the dollar amount that is 'equal in ratio' of each concurrent tortfeasor's comparative responsibility for the single, indivisible injury. *Id.* (citing § 41-3A-1(B)). If, however, "successive tortfeasors cause separate *divisible* injuries," the successive tortfeasor doctrine applies. *Id.* ¶ 12. Under this theory, the original tortfeasor causes the first injury, and that injury "casually leads to a second distinct injury, or a distinct enhancement of the first injury, caused by a successive tortfeasor." *Id.* When the successive

8

tortfeasor doctrine applies, it imposes joint and several liability on the original tortfeasor for the full extent of both injuries. *Id.* ¶ 13. In such cases, a party must show that the original injury and subsequent enhancement of that injury are "*separate and causally-distinct injuries*." *Id.* ¶ 14 (citation omitted).

Here, the Desert Aviation Parties bring a crossclaim for contribution under the successive tortfeasor doctrine. (Doc. 27) at 22–23. The thrust of their claim is that Defendant Hadley was the original tortfeasor, and he caused the original injury to Plaintiff "in terms of physical damage to the Valmet." *Id.* at 23, ¶ 43. They further allege that Plaintiff's claimed loss of business revenue resulting from their damaged aircraft was a subsequent separate and distinct injury. *Id.* Thus, if Desert Aviation Partes are found to be successive tortfeasors, they should only be liable for, at most, enhancement based on the first injury. *Id*. The Desert Aviation Parties, however, appear to abandon this claim in their briefing. They make no attempt to support their allegations with any arguments or facts suggesting that Defendant Jayne and Defendant Hadley were successive—as opposed to concurrent—tortfeasors. Furthermore, they make no argument that Plaintiff's claim for lost business revenue was a "causally-distinct" injury. As a result, the Court concludes the successive tortfeasor doctrine does not apply. Thus, the Desert Aviation Parties cannot maintain a claim for contribution based on this theory of recovery.

*IV. Conclusion*

        Defendant Hadley's Motion for Partial Summary Judgment on the Desert Aviation Parties' Cross-Claims for Contribution and Indemnification is granted.  (Docs. 63, 64).

        IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[3]
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.